UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JACOB S. HALENCAK, )
)
    Plaintiff, )
)
v. ) Case No. 17-CV-395-STE
)
NANCY A. BERRYHILL, )
Deputy Commissioner of the )
Social Security Administration, )
)
    Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 13-21). The Appeals Council denied

Plaintiff's request for review. (TR. 1-5). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 3, 2014, the alleged disability onset date. (TR. 15). At step two, the ALJ determined that Plaintiff had the following severe impairments: minor degenerative changes in the right knee and arthritis in the left great toe. (TR. 16). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 17).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to perform light work, specifying that:

> [Plaintiff] can lift/carry or push/pull 20 pounds occasionally and 10 pounds frequently. In an 8-hour workday, he is able to stand/walk for 6 hours or sit for 6 hours, all with normal breaks.

(TR. 17). With this RFC, the ALJ found that Plaintiff was capable of performing his past relevant work as a fast food worker, security guard, and cashier II. (TR. 20).

The ALJ then proceeded to make made additional, alternative findings at step five. The ALJ consulted with a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. Given the limitations presented by the ALJ, the VE identified three jobs from the Dictionary of Occupational Titles (DOT): electronic assembler, small product assembler, and housekeeper. (TR. 20-21). Relying

upon the testimony of the VE, the ALJ concluded that Plaintiff was not disabled based on his ability to perform the identified jobs. (TR. 21).

## III. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in (1) failing to properly consider, evaluate, and weigh the medical evidence; (2) relying on jobs at steps 4 and 5 that conflict with the DOT; and (3) failing to properly evaluate and consider Plaintiff's credibility and consistency. (ECF No. 14:4-10, 10-12, 12-15). The Court finds that the ALJ, without adequate discussion, failed to include in the RFC certain limitations that are supported by the record and remand is warranted. Because Plaintiff's other assertions of error may be affected by the ALJ's treatment of the case on remand, the Court does not reach those arguments.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. ANALYSIS

Plaintiff argues that the ALJ erred at steps 4 and 5 of the sequential evaluation asserting that, because the ALJ ignored medical evidence of record, she omitted limitations from her hypothetical to the VE and in her determination of the RFC. (ECF No. 14:10-12). Plaintiff contends that these omissions resulted in the VE testifying that Plaintiff could perform jobs that have physical requirements that conflict with Plaintiff's abilities. As a result, Plaintiff argues, the VE's testimony did not constitute substantial evidence to support the ALJ's determination of nondisability.

### A. Information in the DOT

It is well established that an ALJ has a duty to determine whether a VE's testimony is consistent with information in the DOT. *Haddock v. Apfel*, 196 F.3d 1084, 1089, 1091 (10th Cir. 1999). If the ALJ fails this duty and there is an unresolved conflict between the VE's testimony and the DOT, the testimony cannot constitute substantial evidence to support a determination of nondisability. *Id*. at 1091; *see also Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005); SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

Plaintiff argues that the medical evidence of record establishes that he is limited to reaching only occasionally, but the DOT states that the jobs relied upon by the ALJ require more frequent reaching, thus creating a conflict. At step 4, the ALJ determined that Plaintiff could do his past prior work as fast food worker, security guard, and cashier II. (TR. 20). At step 5, the ALJ determined that Plaintiff could do the representative jobs of electronic assembler, small product assembler, and housekeeper. (TR. 20-21). According to the information in the DOT, however, a fast food worker must be able to reach "constantly" (defined as 2/3 or more of the time), while each of the other five

4

occupations must be able to reach "frequently" (defined as 1/3 to 2/3 of the time). *See* DOT 311.472-010 (fast food worker), 1991 WL 672682; DOT 372.667-034 (security guard), 1991 WL 673100; DOT 211.462-010 (cashier II), 1991 WL 671840; DOT 729.687-010 (electronic assembler), 1991 WL 679733; DOT 706.684-022 (small product assembler), 1991 WL 679050; DOT 323.687-014 (housekeeper), 1991 WL 672783. Both of these requirements exceed a limitation of "occasionally." *See* TR. 327 (defining "occasionally" as up to 1/3 of the time). Because a limitation to reaching only occasionally does indeed create a conflict with the information in the DOT, the Court looks to whether the ALJ erred in omitting limitations on reaching.

### B. Omission of limitations on reaching

#### 1. Previously determined RFC

Plaintiff has unsuccessfully applied for DIB and SSI previously and the current administrative record includes medical evidence from those prior applications. (TR. 311-341; Exs. B1F, B2F, B3F, B4F). The administrative record also includes a previous decision. (TR. 77-90; Ex. B1A). The ALJ noted the prior decision: "Mr. Halencak has a previous unfavorable ALJ decision (Exhibit B1A) in which he alleged the same impairments." (TR. 13). In the prior decision, Plaintiff's RFC was determined to include several limitations that are not present in the current RFC, including that Plaintiff can only "occasionally reach above the shoulder [and] in other directions." (TR. 82).

In the current decision, the ALJ stated that "[n]othing in the present collection of medical reports suggests any new development or measurably worsened old impairment since [Plaintiff's] previous unfavorable hearing decision." (TR. 19). Plaintiff is not arguing that the ALJ was bound by the prior decision, but the Court finds that the prior RFC is

pertinent because the ALJ acknowledged it as part of the current record and because the ALJ found that Plaintiff's impairments had not changed since the determination of the prior RFC.[1] The ALJ also appears to rely on the prior adjudication. *See* TR. 13, 19; *see also* TR. 19 ("I find that the following documents from the previous ALJ decision were addressed and adjudicated: Exhibits B1F-B4F."). Yet the ALJ did not discuss or explain why he disagreed with the limitations included in the previous RFC. As such, it is unclear why the ALJ failed to include in the RFC any of the previously determined limitations relating to Plaintiff's shoulder pain or his ability to reach.

### 2. Medical evidence of record

The lack of clarity in the ALJ's decision to omit reaching limitations is compounded by the fact that the ALJ also relied on the medical evidence that was submitted with the prior applications. Specifically, the ALJ cited to the Plaintiff's consultative examination with Subramaniam Krishnamurthi, MD (Exhibit B3F). (TR. 18). The ALJ summarized Dr. Krishmanurthi's report as follows:

> [Plaintiff] had slightly reduced range of motion of the cervical spine and slightly reduced range of motion of the lumbosacral spine and left hip. Dr. Krishnamurthi observed he was able to sit on the exam table with no trouble or difficulty. No mention is made of carpal tunnel syndrome. The claimant's handgrip had 5/5 strength bilaterally and the claimant said he could lift about 50 pounds.

---

[1] It appears that Plaintiff's prior applications were based primarily on neck and shoulder pain and, as the ALJ noted, "[i]n this application, [Plaintiff] emphasizes his knee pain." (TR. 19, 35-36). However, the ALJ was aware of Plaintiff's shoulder pain, and Plaintiff's failure to "emphasize" those limitations does not permit the ALJ to ignore them. *See* TR. 18 (ALJ acknowledging Plaintiff's testimony that "[h]e cannot raise his arms above shoulder level"), 35-36; *see also Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (explaining that, in formulating an RFC, the ALJ is required to consider the effect of both severe and non-severe impairments).

(TR. 18 (citing Ex. B3F)). But the ALJ failed to discuss that Dr. Krishnamurthi also opined that Plaintiff's ability to reach overhead and in all other directions was limited to "occasionally." *See* TR. 327.[2] This was error; "[t]he ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).

### 3. Defendant's arguments

Defendant argues that these findings "occurred well before Plaintiff's alleged disability onset date; and these clinical findings do not establish any currently existing functional limitations greater than those contained in the ALJ's January 2016 reasonable RFC finding." (ECF No. 20:7). While it is true that Dr. Krishnamurthi conducted his exam in 2010, the ALJ relied on that exam and clearly considered it relevant medical information. And Defendant is incorrect in stating that the clinical findings correspond with the current RFC determination—Dr. Krishnamurthi found limitations in reaching and the current RFC does not contain any such limitations. *Compare* TR. 17, *with* TR. 327.

Defendant further argues that the ALJ's decision is supported by the opinions of the stage agency medical consultants. (ECF No. 20:11 (citing TR. 19-20, 95-96, 103-04, 118-19, 129-30)). None of the state agency medical consultants examined Plaintiff in person, rather they reviewed the medical evidence of record. *See* TR. 92-96, 100-04, 113-19, 124-30. Therefore, the ALJ could credit their opinions "only insofar as they are

---

[2] The Court notes that the ALJ in the prior decision gave "great weight" to the opinion of Dr. Krishnamurthi and determined that the RFC, which included limitations on reaching, was "consistent with [his] findings." *See* TR. 83, 85.

7

supported by evidence in the case record." SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996) ("The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the [claimant] become weaker"); *see also Lee v. Barnhart*, 117 F. App'x 674, 678 (10th Cir. 2004) ("It follows that if the ALJ relies heavily on [opinions of agency medical consultants] . . . the opinions must themselves find adequate support in the medical evidence."). The weight the ALJ may place on the opinions of nonexamining sources "depend[s] on the degree to which [these sources] provide supporting explanations for their medical opinions" and "the degree to which these medical opinions consider all of the pertinent evidence in [the record], including medical opinions of treating and other examining sources." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *accord* SSR 96-6p, 1996 WL 374180, at *2. Here it does not appear that the state agency medical consultants reviewed or considered Dr. Krishnamurthi's opinion. *See* TR. 92-96, 100-04, 113-19, 124-30. Accordingly, the opinions of the state agency medical consultants are lacking with respect to Plaintiff's shoulder pain and do not provide support for the ALJ's disregard of Dr. Krishnamurthi's reaching limitations. *See McGoffin v. Barnhart*, 288 F.3d 1248, 1253-54 (10th Cir. 2002) (finding that consulting physician's opinion that was not supported by the record as a whole did not provide substantial evidence for the ALJ's decision).

Although "an ALJ is not required to discuss every piece of evidence," the ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996); *see also* 20 C.F.R. §§ 404.1520(a)(3) ("We will consider all evidence in your case record

. . . ."), 416.920(a)(3) (same). An ALJ also must explain the resolution of any material evidentiary inconsistencies or ambiguities in assessing an RFC. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, in light of evidentiary support for limitations on Plaintiff's ability to reach and lack of discussion on why the ALJ chose to disregard such evidence, the ALJ's decision to omit the limitations from the RFC was flawed. On remand, the ALJ should consider the evidence of Plaintiff's ability to reach, and to the extent she rejects significant evidence of such limitation, explain the basis for doing so.

### C. Plaintiff's Remaining Claims of Error

The Court does not address Plaintiff's other allegations as they "may be affected by the ALJ's treatment of the case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on this review, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on April 6, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE