# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JACOB S. HALENCAK** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NANCY BERRYHILL, Acting** )<br>**Commissioner of the Social** )<br>**Security Administration,** )<br>)<br>**Defendant.** ) | Case No. CIV-17-395-STE |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA). **(ECF No. 24)**. Specifically, Plaintiff seeks an award of fees in the amount of $7,683.00. (ECF No. 24). Defendant objects to the amount of fee requested, arguing that it is unreasonable. (ECF No. 25). The Court **GRANTS** Plaintiff's Motion for fees in the amount of **$7,683.00.**

## I. ATTORNEY FEES AUTHORIZED UNDER EAJA—ENTITLEMENT AND REASONABLENESS

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al– Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. §

2412(d)(1)(A)).[1] When evaluating a claim for attorney fees under EAJA, the court must first determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan,* 73 F.3d 1012, 1017 (10th Cir. 1996). Factors considered in a reasonableness determination include: (1) the hours that would be properly billed to one's client in accordance with good "billing judgment," (2) time spent on specific tasks, and (3) duplication of efforts. *Malloy,* 73 F.3d at 1017–18. In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). The district court is obligated to exclude "hours not 'reasonably expended' from the calculation." *Malloy,* 73 F.3d at 1018. "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *Id.*

## II. PLAINTIFF'S EXPENDITURE OF TIME AND COMMISSIONER'S OBJECTIONS REGARDING REASONABLENESS OF REQUESTED FEE

In litigating the appeal, Plaintiff requests fees for attorney work at the hourly rate of $197.00 for 39 hours of work performed in 2017 and 2018. (ECF No. 24). An award under EAJA is limited to $125.00 per hour unless the court determines

---

[1] Previously, the undersigned ordered: (1) reversal of the Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income and (2) a remand for further administrative proceedings. (ECF Nos. 22 & 23). With the reversal and remand, Mr. Halencak is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). Mr. Halencak has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated February 9, 2018, from the Office of the General Counsel of the Social Security Administration. (ECF No. 24:10). This letter shows that for 2017 and 2018, the authorized maximum hourly rate for attorney work in Oklahoma was $197.00. (ECF No. 24:10). Thus, Mr. Halencak is entitled to an upward adjustment of the hourly attorney fee consistent with the evidence provided.

Defendant has not objected to the hourly rate of $197.00. *See* ECF No. 25. Therefore, based on the evidence provided and the lack of objection from Ms. Berryhill, the Court concludes that the hourly rate is reasonable. However, Mr. Halencak seeks recovery for 39 hours of work and Defendant objects, arguing that the fee request is unreasonable and reflects an excessive number of hours billed. *See* ECF No. 25.

Defendant correctly notes that Plaintiff's counsel requested fees for: (1) 28 hours of work for reviewing the record and drafting the Opening Brief and (2) 8.8 hours of work for reviewing the Commissioner's Response Brief and drafting a Reply. *See* ECF Nos. 24:6-7 & 25:5. However, Ms. Berryhill requests a reduction in the amount billed for: (1) the Opening Brief to 16 hours and (2) the Reply Brief to 6 hours. (ECF No. 25:5-6). In addition to 2.2 hours of miscellaneous work which Defendant does not dispute, Ms. Berryhill requests a reduction in the amount of fee

awarded to $4,767.40, to reflect 24.2 total hours of work. (ECF No. 25:6). In support of her argument, Defendant contends Plaintiff's request is unreasonable in light of:

- The fact that counsel had been representing Plaintiff since 2014 and was, therefore, familiar with the evidence;

- Counsel's "significant experience" in the area of Social Security law, coupled with the fact that this case involved only "routine issues;" and

- A 635-page record which Defendant deems "typical" for a Social Security case.

(ECF No. 25:3-5). The Court rejects Ms. Berryhill's arguments.

"[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, (2010). Numerous courts have noted that an average of 20 to 40 hours of attorney time is typically expended to prosecute a social security appeal through to judgment on the merits in federal court. *See Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 422 (6th Cir. 1990); *Medina v. Astrue*, 2010 WL 1254835 at *3 (D. Colo. Mar. 26, 2010); *Lavoie v. Colvin*, 2016 WL 4181323 at *3 (D. Kan. Aug. 8, 2016). Indeed, This Court has routinely authorized EAJA fees for litigating a Social Security appeal ranging in the amount of time requested by Mr. Halencak, who has sought compensation for 39 hours of work. *See Thomas v. Berryhill,* Case No. CIV-17-212-STE (W.D. Okla. May 9, 2018) (43.1 hours); *Tomlinson v. Colvin*, Case No. CIV-15-699-STE (W.D. Okla. July 11, 2017) (39.1 hours); *Buckley v. Colvin*, Case No. CIV-15-65-R (W.D. Okla. Jan. 13, 2017)

(38.75 hours); *Medina v. Colvin*, Case No. CIV-15-886-STE (W.D. Okla. Nov. 4, 2016) (38.75 hours); *Greenwalt v. Colvin*, Case No. CIV-14-1177-STE (W.D. Okla. Sept. 23, 2016) (40.2 hours); *Wiggins v. Colvin*, Case No. CIV-14-103-R (W.D. Okla. Aug. 30, 2016) (40.8 hours).

Here, the Court remanded the case based on the Commissioner's selective review of the medical record. *See* ECF Nos. 22 & 23. Although Ms. Berryhill argues that this case involved only "routine issues," she does not further elaborate on this point, providing examples of what types of issues she believes to be "routine." The Court does not find Plaintiff's request for fees as unreasonable, considering that the case involved a thorough examination of the medical evidence which Plaintiff believed that the ALJ had ignored. *See Myer v. Barnhart*, No. 04-4077-JAR, 2005 WL 3084898, at *2 (D. Kan. Nov. 3, 2005) (EAJA fee for 48.3 hours deemed "reasonable" "when plaintiff was cataloguing and explaining the evidence the ALJ overlooked, ignored or mis-characterized."). Furthermore, rather than merely "routine" issues, this case presented a unique set of circumstances wherein the ALJ had cited a previous decision with multiple exhibits and appeared to rely on such decision, but without much discussion, necessitating a review of the evidence from a previously adjudicated period. (ECF No. 22:5-6).

Additionally, although Ms. Berryhill alleges that Plaintiff's firm had represented Mr. Halencak since 2014, Defendant admits that Plaintiff's appellate counsel had not worked on Mr. Halencak's case, prior to the appeal. (ECF No. 25:3-

4). Even so, counsel's experience or familiarity with the case is not necessarily a basis on which to reduce the fee request in this case. *See Martinez v. Colvin*, No. 1:15-CV-806 LF, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (EAJA fee to compensate for 40 hours of work was reasonable in case involving 624-page record, with an experienced counsel who represented Plaintiff at the administrative level with issues deemed "not particularly unusual or complex"); *Lavoie v. Colvin*, No. CV 14-1352-JWL, 2016 WL 4181323, at *3 (D. Kan. Aug. 8, 2016) (35 hours deemed "reasonable" in circumstances wherein Plaintiff's counsel was "experienced" in the area of Social Security litigation, but unfamiliar with Plaintiff's case prior to the appeal).

## III. TOTAL AMOUNT OF RECOVERABLE FEE

Plaintiff has requested a total fee award in the amount of $7,683.00 for 39 hours of work attorney work at the hourly rate of $197.00. (ECF No. 24). The Court finds this amount reasonable and concludes that Plaintiff is entitled to a total award of attorney fees under the EAJA in the amount of **$7,683.00.** Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**ORDER**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act in the amount of **$7,683.00.**

ENTERED on July 9, 2018.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE